UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
HSBC BANK, USA,

                       Plaintiff,

v.                                                    **ORDER**

ROBERT HUM, et. al.,                        24-CV-04790 (PMH)

                       Defendants.
---------------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

        On May 31, 2024, Plaintiff HSBC Bank, USA, National Association, as Trustee for BCAP TRUST-2008-IND1 ("Plaintiff") commenced a summary holdover eviction proceeding against Defendants Robert Hum, Wilson Castillo, Maria Arbi, Sherwin Wilson, and John and Jane Doe in the Town of Ossining Justice Court, County of Westchester, by filing a Notice of Petition and Petition to Recover Real Property Holdover regarding the property located at 4 Williams Street, Ossining, New York 10562 (the "Property"). (Doc. 3-5, "Petition").[1] On June 24, 2024, Defendant Robert Hum, proceeding *pro se*, removed this action from state court pursuant to 28 U.S.C. §§ 1441, 1446, and 1453. (Doc.1, "Not." at 2). The Notice of Removal also sought a 60-day stay of proceedings and requested consolidation with a related civil case filed concurrently. (*Id.* at 2).

        On August 9, 2024, Plaintiff filed a motion to remand the action to the Town of Ossining Justice Court, County of Westchester. (Doc. 3, "Mot."). The Court directed Defendant Hum to file his opposition to the motion by September 11, 2024. (Doc. 4). On September 5, 2024, an Amended Notice of Removal was filed which clarified the names of the removing parties as David Cuvi,

---

[1] On April 4, 2016, a final judgment foreclosing a mortgage upon the Property was entered in favor of Plaintiff and against Defendants Hum, Castillo, Abri, and Wilson in the Supreme Court of the State of New York, County of Westchester. (Doc. 3-2, "Battista Aff." ¶ 2; Doc. 3-3). The Property was sold to Plaintiff at a public auction thereafter. (Battista Aff. ¶ 3).

Daniel Quishpi, Diana Remache and Sherwin Wilson ("Removing Defendants"). (Doc. 5, "Am. Not."). The basis for removal set forth in the Amended Notice of Removal is federal question jurisdiction pursuant to 28 U.S.C. § 1331.[2] (Not. at 7). Removing Defendants did not file opposition to the pending motion to remand.

For the reasons set forth below, Plaintiff's motion is GRANTED and this matter is REMANDED to the Town of Ossining Justice Court, County of Westchester.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). "Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994).[3] Defendants bear the burden of demonstrating that federal subject matter jurisdiction exists. *Id.* at 301. "Unless that burden is met, the case must be remanded back to state court. At this stage therefore, the party seeking remand is presumed to be entitled to it unless the removing party can demonstrate otherwise." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003). Federal courts are instructed to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

---

[2] While the Amended Notice of Removal vaguely references "diversity with requisite value in question in excess of $75,000" (Am. Not. at 7), Removing Defendants do not make any claims regarding the citizenship of the parties or the amount in controversy in this action. Accordingly, to the extent the action was removed on the basis of diversity jurisdiction, Removing Defendants have not met their burden to establish the existence of diversity of citizenship and the amount in controversy. *See Barrera v. Bethel*, No. 23-CV-08631, 2023 WL 8483022, at *2 (S.D.N.Y. Nov. 28, 2023).

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Removing Defendants assert federal question jurisdiction as their basis for removal. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

## ANALYSIS

Plaintiff contends that the action should be remanded because Removing Defendants (i) failed to meet the statutory requirements for removal; and (ii) failed to establish any valid ground for removal. (Battista Aff. ¶¶ 7-17).

When a civil action is removed solely on federal-question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Additionally, defendants must "[p]romptly after the filing of [a] notice of removal . . . give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court . . . ." 28 U.S.C. § 1446(d). Here, the Amended Notice of Removal states that David Cuvi, Daniel Quishpi, Diana Remache and Sherwin Wilson join in the removal, but does not indicate that Robert Hum, William Castillo, or Maria Arbi, who are named defendants in the Petition, consent to the removal. Moreover, Removing Defendants did not file proof of service of the Amended Notice of Removal on the docket.[4] Accordingly, the removal was not procedurally proper.

---

[4] The Amended Notice of Removal states that "[c]opies of this Notice are being served on counsel for plaintiff and filed with the Clerk of the Ossining Court of New York . . . with *proof of service* attached hereto under FRCP 5.1." (Am. Not. at 2) (emphasis in original). However, no proof of service is attached to the filing.

3

In any event, there are no valid grounds for removal. The Amended Notice of Removal states that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that their claims arise under 42 U.S.C. 1983, *et seq.*, for violations of the Fifth and Fourteenth Amendments (Am. Not. at 6). Removing Defendants characterize this action as challenging New York State's statutory scheme governing foreclosure and post-foreclosure proceedings as unconstitutional. (*Id.* at 2-4).[5] However, this action brings no such claims under Section 1983. This Petition initiated a landlord-tenant holdover proceeding wherein Plaintiff seeks issuance of a warrant of eviction to remove Defendants from the Property. (Petition at 8). Accordingly, this Petition does not provide a basis on which to challenge the constitutionality of foreclosure and post-foreclosure proceedings. Removing Defendants failed to otherwise identify any issues or claims which arise from the Petition and are based on federal law. *See 29 Flatbush Ave. Assocs., LLC v. Cain*, No. 17-CV-06173, 2017 WL 5696485, at *2 (E.D.N.Y. Nov. 27, 2017) ("The law is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject matter jurisdiction over state residential landlord-tenant matters") (collecting cases); *see also Arslan v. Sunnyside Realty Corp.*, No. 07-CV-01825, 2007 WL 1350438, at *2 (E.D.N.Y. May 8, 2007).

Having found that it lacks subject matter jurisdiction over this action, the Court declines to rule on and need not address Removing Defendants' requests to stay the action and consolidate the action.

---

[5] The Amended Notice of Removal specifies that "[t]he constitutional question is equal protection to enforce a judicially recognized right to an affirmative defense which if proved would eliminate the foreclosing plaintiff's standing if proof shows they obtained title by fraudulent means." (Am. Not. at 7).

## **CONCLUSION**

Based upon the foregoing, Plaintiff's unopposed motion seeking remand to State Court (Doc. 7) is GRANTED. This action is REMANDED to the Town of Ossining Justice Court, County of Westchester.[6]

The Clerk of Court is respectfully directed to: (1) remand the case to the Town of Ossining Justice Court, County of Westchester; (2) send a copy of this Order to the Town of Ossining Justice Court, County of Westchester; (3) terminate the pending motion (Doc. 3); and (4) close this case.

SO-ORDERED.

Dated: White Plains, New York
       September 12, 2024

*(signature)*

Philip M. Halpern
United States District Judge

---

[6] The Court notes that while Plaintiff's Notice of Motion requests that the matter be remanded to the Town of Ossining Justice Court, County of Westchester (Doc. 3 at 1), the Affirmation in Support of the Motion requests that the matter be remanded to the Supreme Court of the State of New York, County of Dutchess (Battista Aff. ¶ 1). The request in Mr. Battista's Affirmation to remand the matter to the County of Dutchess appears to have been an error, given that the matter was removed from the Town of Ossining Justice Court, County of Westchester.