```
Case 7:24-cv-04790-PMH    Document 8    Filed 10/21/24    Page 1 of 11
```

> Motion for reconsideration denied for failure to comply with Local Rule 6.3 of the Southern District of New York.
>
> The Clerk of Court is respectfully requested to mail a copy of this Order to Defendants.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> October 21, 2024

ROBERT HUM; WILSON CASTILLO;
MARIA ARBI; SHERWIN WILSON
4 WILLIAM ST.
OSSINING, NY 10562
TEL:347.572.3469

Defendants In pro se

PRO SE OFFICE

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

HSBC BANK, USA, National Association,
as Trustee for BCap TRUST-2008-IND1,
Mortgage pass-through Certificates series 2008-IND1,    USDC Case No.: 24 CV 4790

        Plaintiff,

        NOTICE OF MOTION AND MOTION BY ALL *AMENDED DEFENDANTS* TO REOPEN THE REMANDED MATTER AND TO RECALL REMOVAL FOR FURTHER PROCEEDINGS BY RECONSIDERATION UNDER FRCP RULES 59 AND 60 INCLUDING TO VACATE AN ORDER AND REOPEN THE MATTER WITHIN THIS FEDERAL COURT; MEMORANDUM OF LAW; EXHIBITS; AFFIDAVITS; JUDICIAL NOTICE OF THE COURT'S OWN FILE;
    Date:_____
    Time:_____am/pm
    Dept./Room:_____

v.

**Request for Stay pending Hearing**

ROBERT HUN; WILSON CASTILLO;
MARIA ARBI; SHERWIN WILSON, AS ORIGINAL
DEFENDANT [REMOVANTS]; AND DAVID CUVI;
DANIEL QUISHPI; DIANA REMACHE;
SHERWIN WILSON, AS *AMENDED DEFENDANTS*

Reconsideration of Remand
HSBC BANK USA, as Trustee, v. Wilson, et al. [and consolidated actions]

- 1

**IMMEDIATE Request for 60 Day<br>Stay on Further Proceedings**

---

**To all parties and their counsel of record**, please take notice that the Ossining Court of New York case captioned above on June 24, 2024, Doc 1, has been REMOVED TO THE UNITED STATES DISTRICT COURT – Federal Building & Courthouse Southern District of New York for further proceedings under USDC case no. 24 CV 4790 as set forth above.[1] As a secondary motion [herein "removal - 2"] sounding in either FRCP Rule 59 or 60, for reconsideration or for vacating of an ORDER [Rule 60] Doc 6, remanding the case to state court of origin, this matter may be set for subsequent hearing as to the court may be ordered, but with none pending at the time this application was filed.

All parties and the state court above are being served with this Motion with the caveats and warnings appropriate to this second removal/motion proceeding out of an abundance of caution and not for an untoward purpose.

\* \* \* \* \* \* \* \* \* \* \*

<u>**WARNING**</u> **TO STATE COURT AND ALL LAW ENFORCEMENT**

Said Motion relates to the prior Removal and pending said further ruling thereon, shall divest and disqualify the state Court from taking any further action in the underlying case for lack of jurisdiction under **28 U.S.C. 1332, 1441, 1446, 1453, et al.,** and **FRCP Rule 11**.

Copies of this Noticed motion are being served on counsel for the plaintiff and filed with the Clerk of the Ossining Court of New York.

---

**The former Removal ECF #1 entered on 6-28-24 are incorporated by reference herein as though fully recited**.

INTRODUCTION TO MOTION FOR GOOD CAUSE

On May 31, 2024, Plaintiff Bank as a Trustee of a REMIC trust and alleged owner of title to real property the subject of this action filed a post-foreclosure state-based eviction

---

[1] Movant shall present for filing the <u>**entire state file as required by law as this court may direct**</u> doing so timely but was unable to facilitate this attachment on the date removal was filed.

Reconsideration of Remand<br>HSBC BANK USA, as Trustee, v. Wilson, et al. [and consolidated actions]

- 2 -

**IMMEDIATE Request for 60 Day Stay on Further Proceedings**

action through its counsel of record acting as agents for plaintiff as alleged in the original Removal with state court file attached within the court's own file.

This court had original subject matter jurisdiction stated dually as based on diversity, which has been withdrawn, but is based on a federal question housed in the federal law passed by Congress known as *Protecting Tenant's After Foreclosure*. The action of the plaintiff in the underlying action intends clearly to violate this statutory protection as stated herein. [2]

Defendants seek to reverse the remand order for good cause and have the remanded file removed back for further proceedings including the soon to be filed civil action against the plaintiff and its counsel for claims showing intentional and negligent use of the court system for a corrupt purpose akin to an abuse of process count for damages and equitable relief.

THE PLAINTIFF'S *MOTION TO REMAND* WAS FILED LATE  - Doc 3 - Motion

The Movants argue that the provisions of law requiring timely filing of a remand motion were not complied with per *28 USC 1447 (c)*. A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made **within 30 days after the filing of the notice of removal [*NOR*, herein] under section 1446(a)**. The NOR was filed on **June 24, 2024** (Doc 1, "Not." at 2). The instant remand motion was not filed until **August 9, 2024**, well beyond the statutory maximum. (Doc 3 Motion). The error at law is clear and the motion should not have been entertained.

Amended Defendants recognizing the misnaming of the first set of defendant parties vis, Hum, Castillo, Abri, and amended defendants simply amended their Notice of Removal on September 5, 2024 (Doc 5 Amd. Not.) Your movants have not found any precedent allowing for an extension of time under §1447(c) to file one's motion to remand by reason of a renaming of the defendants under any known FRCP Rule. However, the defendants content that such an

---

[2] Before May 2009, protections for renters in foreclosed properties varied from state to state and in most states, tenants had few protections. Recognizing the hardships experienced by tenants in foreclosed properties, in early 2009 Congress acted to provide a basic set of rights for such tenants. On May 20, 2009, President Obama signed PTFA into law (Public Law 111-22, division A, title VII). The PTFA was extended and clarified in the "Dodd-Frank Wall Street Reform and Consumer Protection Act" (Public Law 111- 203, section 1484). The law expired on December 31, 2014 but was made permanent by Congress in May 2018.

Reconsideration of Remand
HSBC BANK USA, as Trustee, v. Wilson, et al. [and consolidated actions]

**IMMEDIATE Request for 60 Day
Stay on Further Proceedings**

unusual occurrence should be covered under the liberal reading of Rule 60's error, mistake, inadvertence, excusable neglect criteria and liberality attendant to *pro se* status of the defendants, they did not file a response to the Remand motion. However, lacking a justiciable opposition, the court was left with its discussion of "diversity" but respectfully the court did reference "federal question" as a ground for removal at Order without reference to the applicable federal statute imposing jurisdiction called *Protecting Tenants After Foreclosure Act*. In failing to do so the court relied upon *Barrera* in remanding the case back. However, this motion for relief from an Order *Doc 6 p. 4*, contains sufficient grounds for reconsidering the ruling and reversing the remand order, given the support this new filing Opposing the Remand brings to the bench. Defendants squarely rely on PTAF as the federal statute relied upon for jurisdictional assumption of this matter apart from the superseded Removal referencing vapidly 42 U.S.C.§1983. Thus, the defendants assert compliance with *29 Flatbush Ave. Assocs., LLC v. Cain* cited in Order, Id.

Finally, your new correctly named defendants admit to excusable neglect, and remaining grounds for failing to timely file their expected Opposition to the Remand and seek the mercies of the court in now allowing same and to allow their civil suit to be filed in short order showing that they at all times intended to rely on PTAF as the criteria for removal jurisdiction. Moreover, the filing of the civil suit will show that:

1. At the time of the state-based eviction filing, the plaintiff and its attorneys had *scientier* and perfected knowledge that there were **good faith tenants and renters vested with lawful occupancy at the premises via a written lease agreement that commenced on or about June 1, 2020 and not set to expire until May 31, 2030**.
2. As such, federal laws protect said renters and occupants during this time period.
3. The filing of a premature eviction action can only be characterized as a bad faith abuse of the legal process by plaintiff as its lawyers.

**IMMEDIATE Request for 60 Day
Stay on Further Proceedings**

As a result of the application of PTAF, any acts intended to divest the occupying tenants of lawful possession, use, and enjoyment are **prohibited**, including the filing of any legal actions in law or equity to evict and remove said tenants.

The bank plaintiff and its agent lawyers knew of this law and its effect. Nevertheless, the plaintiff and its lawyers intentionally and willfully filed eviction claims in NY state court, *supra*. Such acts sound in intentional torts and contract violations and an award of damages is allowed under the laws of NY and the federal rubric. The tenants EACH seek damages by the imminent [to be filed in this federal court as a related case] filing of a civil action in the sum of $500,000 in general, and noneconomic damages, $50,000 for attorneys fees and costs and $5,000,000 for each cross complainant [plaintiff] in punitive damages by way of example and to punish plaintiffs to the nascent legal action being prepared as the typist types this motion against all plaintiffs in this action along with counsel representing plaintiff HSBC Bank who are named as defendants in this nascent suit. Plaintiffs in the nascent action seek the full panoply of awards against the wrongdoers including the referral to the respective State Bar's of this state and others governing said attorneys for discipline including restitution of lost economic benefits, as will be pled and disbarment for all involved being members of the firm for the gross ethical violations overtly committed injuring said defendant/plaintiffs herein, aka the removants.

II.

GOOD CASE EXISTS FOR RECONSIDERING AND VACATING THE REMAND BACK TO NY STATE COURT

Upon examination of the record of this honorable court including examination of the well-written Order penned by the Honorable P. M. Halpern, USDJ, to wit,

1. The published Order of this court due to the inexcusable neglect of defendants, could not consider the Opposition defendants intended to file but missed the deadline due to "Rule 60's excuseable neglect" et al., provision, since the notice of the motion was not mailed to nor received by the four named current amended tenants but incorrectly to

**IMMEDIATE Request for 60 Day
Stay on Further Proceedings**

the first set of misidentified tenants, Hun, Castillo and Arbi who were not the resident tenants at the time the eviction suit was filed. Thus, the actual amended tenants could not comply with the court's Order within ECF #4. The court admits in the order at p. 1 of 5 that an "amended Notice of Removal was filed correcting the names of the actual defendant tenants, Cuvi, Quishpi, Remache and Wilson, Id p.1 bottom to p.2 top. The identity of three of the *former* defendants originally removing the matter are inadvertently misnamed in the eviction action by HSBC as tenants but who were fictitious and not the current real parties in interest. This was why the *amended Removal* was filed by the correctly named amended defendants herein, ECF #_5. The amended tenants defendants were <u>denied due process as they were never served with the lawsuit as the actual real parties in interest</u>. The corrected Removal listed the new tenants names correctly. The court relying on the plaintiff Bank's mistake and misidentification gave notice to three non-existent tenants. As a result each new defendant was inadvertently denied due process by such error of law as the real tenants.

2. Secondly, pro se defendants long have had gracious extensions of time and courtesy treatment in the event of their lack of legal training and sophistication under the federal scheme defining treatment of unrepresented parties. The court is reminded of the holdings of several applicable cases to this point, *vis.* pro se pleadings are to be construed liberally. *Evans v. Ga. Reg'l Hósp.*, 850 F.3d 1248, 1253 (11th Cir.), cert. denied, 138 S. Ct. 557 (2017). *Federal Rule of Civil Procedure 8(a)(2)* requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Although there is no "technical form" required, the plaintiff's allegations "must be

**IMMEDIATE Request for 60 Day
Stay on Further Proceedings**

simple concise, and direct." *Fed. R. Civ. P 8(d)(1)*. The purpose of these rules is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation, ellipsis, and quotation marks omitted). What this Court has deemed "shotgun" pleadings fail, to varying degrees and in various ways, to fulfill that essential purpose. *Weiland*, 792 F.3d at 1323. " While this is a case not of pleading irregularities, but based on fundamental due process, vis., notice of a required counter pleading [Opposition] to a Motion to Remand, the courtesy is not abridged. At bar, the defendants were unable to act timely since they were 1/ misnamed and 2/ not served with the court's order allowing them due notice under Rule 4, et al.

3. For the court to deny jurisdiction over a federal statute based issue is akin to the extreme sanction of dismissal. While dismissal with prejudice is an extreme sanction, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). This case is distinguishable from *Moon* which ruled that "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K*, 432 F.3d at 1338. Here the defendants argue their lack of culpability due largely to plaintiff's own conduct by failing to know and learn the true and correct names of each defendant. They now seek the court's generous corrective grant of a motion allowing their matter to be revested in this court and for the matter to proceed under federal question jurisdiction under the *PTAF* act and for a civil action to follow.

**IMMEDIATE Request for 60 Day Stay on Further Proceedings**

4. There can be <u>no prejudice to the plaintiff</u> as they knew the lease agreement ran until May 31, 2030. The plaintiff's willfulness should be considered in equity in granting the re-removal of the matter. Malicious filings should not garner favor with this court.

5. The <u>likelihood of success is great</u> given the lease content showing the duration of the tenancy until May 31, 2030.

6. Injunctive relief in the nature of a STAY of the eviction proceedings is appropriate and addressed immediately below.

### FRCP RULE 65, ET AL. PROVIDES GROUNDS FOR STAY OR INJUNCTION EXISTS UNDER PTAF

President Trump signed into law a permanent extension of the "Protecting Tenants at Foreclosure Act" (PTFA) on May 24, 2018. The PTFA was included in a larger deregulation bill (S. 2155) passed by the House on May 22, 2018. **The PTFA, which expired at the end of 2014, enables renters whose homes were in foreclosure to remain in their homes for at least 90 days or for the term of their lease, whichever is greater**. Senator Richard Blumenthal (D-CT) and Representative Keith Ellison (D-MN) had earlier introduced legislation (S. 325/HR 915) to permanently extend the PTFA. Making the PTFA permanent has long been an NLIHC policy priority.

The PTFA, enacted in 2009, was the only federal protection for renters living in foreclosed properties. During the financial crisis, inappropriate lending, falling home prices, and high unemployment led to a high number of foreclosures across the U.S. The impact of these foreclosures was not limited to homeowners, however; renters lose their homes every day when the owner of the home they are renting goes into foreclosure. Unlike homeowners who have some indication that a foreclosure is coming, renters are often caught entirely off guard.

The PTFA provides most renters with the right to at least to 90 days' notice before being required to move after a foreclosure. Before the permanent extension, renters, who often have

**IMMEDIATE Request for 60 Day
Stay on Further Proceedings**

no idea that their landlords are behind on mortgage payments, could be evicted with just a few days' notice in most states.

Under PTFA, tenants with Section 8 housing choice voucher assistance have additional protections allowing them to retain their Section 8 lease and requiring the successor-in-interest to assume the housing assistance payment contract associated with that lease.

The PTFA applies to all foreclosures on all residential properties; traditional one-unit single family homes are covered, as are multi-unit properties. The law applies in cases of both judicial and nonjudicial foreclosures. Tenants with lease rights of any kind, including month-to-month leases or leases terminable at will, are protected as long as the tenancy is in effect as of the date of transfer of title at foreclosure.[3]

The PTFA applies in all states but does not override more protective state laws.

## AFFIDAVITS OF CURRENT LEASEHOLDERS IN SUPPORT OF MOTION TO VACATE REMAND AND TO RECALL MATTER

We, DAVID CUVI; DANIEL QUISHPI; DIANA REMACHE, and SHERWIN WILSON are the moving party defendants who are real parties in interest who offer this affidavit under penalty of law with knowledge of the true facts herein save for speculation or purely argument.

2. Each of us are current tenants residing at 4 William St., Ossining, NY 10562. On or about June 1, 2020 each of us save for Mr. Wilson, entered into a rental agreement for a periodic tenancy lasting from the date of execution for a period of 10 years, expiring on May 31, 2030 with the landlord. The sum of rent was set at $1,000 per month payable monthly on 1st. The entire agreement was reduced to a writing. **Exhibit A.** The content speaks for itself. The agreement was entered into prior to any foreclosure sale and divestment of title to a new

---

[3] In the case at bar, the lease was executed prior to foreclosure based transfer of title, Exhibit___.

Reconsideration of Remand
HSBC BANK USA, as Trustee, v. Wilson, et al. [and consolidated actions]

- 9

**IMMEDIATE Request for 60 Day
Stay on Further Proceedings**

owner after foreclosure occurred and we were all arm's length renters in compliance with the language of PTAF act.

3. We are depending on the court to enforce the effect of the rental agreements called for in the *Protecting Tenants after Foreclosure Act* in effect and stay or abate the proceedings from state court as premature and maliciously filed.

Respectfully submitted by amended defendants, DAVID CUVI; DANIEL QUISHPI; DIANA REMACHE, and SHERWIN WILSON who sign below under oath *as pro se amended defendants* dated: October 10, 2024.

_____        _____
Diana Remache                                           David Cuvi
_____        _____
Daniel Quishpi                                           Sherwin Wilson

---

## CONCLUSION

In light of the status of the amended defendants who were denied due process caused by the plaintiff's misnaming of defendants in the original state eviction action which directly led to their inability to address the court's own order to file any Opposition to the Bank's remand motion for lack of receipt of the Order, let the state court remove the action back to this court forthwith for further proceedings and consideration of the nascent civil action being prepared for filing and when filed may the court order a consolidation of the related actions in the interest of conservation of resources and justice to the parties involved, sufficient cause having been shown for issuance of this Order to be sent to the NY State Court as an order of this court not later than 30 days from the entry of the Order.

### 60 DAYS STAY ON PRIOR STATE ACTIVITY REQUESTED

Defendants herein, move within this Removal a self-contained Motion for a STAY on any consideration by this court of the state foreclosure and/or dispossession eviction matter and that this court not act in a sudden manner by ordering the matter to be remanded without further hearing on the matter and, for this court to properly **stay** and forebear any consideration by any means. This petition seeks all tiers of stay including temporary

**IMMEDIATE Request for 60 Day Stay on Further Proceedings**

restraining order, issued *sua sponte* or on any motion until the defendants rights be judicially determined.

There is **no detriment** to any party by way of a delay in this proceeding and the **important public interest in fair access to judicial rights and defense is of tremendous concern to this and all courts in New York**. No other means at law exist to protect defendants' rights and those similarly situated from this ongoing built-in judicial abuse and disparity.

October 10, 2024            Respectfully submitted with urgency,

DAVID CUVI; DANIEL QUISHPI; DIANA REMACHE AND SHERWIN WILSON

Defendant movants

Reconsideration of Remand
HSBC BANK USA, as Trustee, v. Wilson, et al. [and consolidated actions]